UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

J.D. THOMPSON                                                        CIVIL ACTION

VERSUS                                                               NUMBER: 15-1092

WARREN MONTGOMERY,                                                   SECTION: "G"(5)
DISTRICT ATTORNEY; ET AL.

## REPORT AND RECOMMENDATION

Using the standardized form that is provided to state prisoners for filing suit pursuant to 42 U.S.C. §1983, the above-captioned matter was filed *in forma pauperis* by *pro se* Plaintiff, J.D. Thompson, against Defendants, District Attorney ("DA") Warren Montgomery, Assistant District Attorney ("ADA") Jay Adair, and Public Defender ("PD") David Knight.[1]

Plaintiff is an inmate of the Washington Parish Jail ("WPJ") in Franklinton, Louisiana, since his October 2013 arrest on sex-related offenses. Plaintiff alleges that on March 12 and/or 13, 2015, ADA Adair questioned a 16-year-old individual, presumably the victim of the crimes for which he is incarcerated, without the presence of a parent, guardian, or attorney with the intent of compelling the victim to later testify falsely at his trial. Thereafter, Plaintiff alleges that Adair did, in fact, cause the juvenile victim to testify falsely at his recent trial despite the admission of a notarized affidavit from the victim and her mother attesting to their desire that the charges against Plaintiff be dismissed. Plaintiff also accuses the Franklinton Police Department, the Office of Child Services, and the

---

[1] On one of the pages of the §1983 complaint form that he submitted, Thompson identified three other individuals as additional plaintiffs in this matter. (Rec. doc. 6-1, p. 4). As none of those individuals have signed the complaint and submitted duly-completed applications to proceed *in forma pauperis*, they are not properly before the Court and this case remains a one-plaintiff lawsuit.

District Attorney's Office with failing to properly investigate the crimes in question, resulting in him being convicted on the basis of the victim's inconsistent statements alone. Plaintiff further alleges that he was denied the effective assistance of counsel throughout the duration of his criminal proceedings. Plaintiff asks that the matters of which he complains be investigated, that criminal action be taken against the prosecutors, and that he be awarded an unspecified amount of monetary damages. (Rec. doc. 6).

Initially, the Court is required to examine Plaintiff's complaint to determine whether the allegations presented therein, if proven, would undermine the constitutional validity of his state court conviction or confinement. When a state prisoner attacks the very fact or length of his confinement, the appropriate cause of action is a petition for writ of *habeas corpus* even though the facts of the complaint might otherwise be sufficient to state a claim under 42 U.S.C. §1983. *Caldwell v. Line*, 676 F.2d 494 (5th Cir. 1982); *Richardson v. Fleming*, 651 F.2d 366 (5th Cir. 1981); *Johnson v. Hardy*, 601 F.2d 172 (5th Cir. 1979). Where the exclusive initial remedy is for *habeas corpus* relief, exhaustion of state court remedies is required, a requirement that applies to both pre-trial and post-conviction *habeas* proceedings. *Rose v. Lundy*, 455 U.S. 509, 102 S.Ct. 1198 (1982); *Preiser v. Rodriguez*, 411 U.S. 475, 93 S.Ct. 1827 (1973); *Dickerson v. State of Louisiana*, 816 F.2d 220, 225 (5th Cir.) *cert. denied*, 484 U.S. 956, 108 S.Ct. 352 (1987). The exhaustion requirement is satisfied only where a prisoner's grounds for federal *habeas corpus* relief were previously presented to the state's highest court in a procedurally proper fashion. *Knox v. Butler*, 884 F.2d 849, 852 n. 7 (5th Cir. 1989), *cert. denied*, 494 U.S. 1088, 110 S.Ct. 1828 (1990); *Dupuy v. Butler*, 827 F.2d 699, 702 (5th Cir. 1988).

Plaintiff's allegations that his conviction was obtained on the basis of false testimony and/or as a result of ineffective assistance of counsel clearly challenge the fact and duration of his confinement and must initially be pursued on *habeas corpus* grounds, but only after he has exhausted available state-court remedies with respect to them. *Hernandez v. Spencer*, 780 F.2d 504, 505 (5th Cir. 1986). In that regard, Plaintiff indicates on the face of his complaint, in answer to question No. I(A) of the pre-printed §1983 complaint form, that he has initiated only one other lawsuit, in state or federal court, dealing with the same facts involved in this action or otherwise relating to his imprisonment, that being the matter on the docket of this court entitled *Thompson v. Washington Parish Sheriff's Office, et al.*, No. 14-CV-1787 "N"(5), a §1983 action dealing with conditions of confinement at WPJ. Accordingly, insofar as the instant matter can be construed as a request for *habeas corpus* relief it should be dismissed without prejudice for failure to exhaust available state court remedies. *McGrew v. Texas Board of Pardons & Paroles*, 47 F.3d 158, 161 (5th Cir. 1995).

The Court must next determine whether any valid §1983 claims are raised by Plaintiff's complaint. For the reasons that follow, the Court answers that question in the negative. With respect to DA Montgomery and ADA Adair, the law is clear that they are entitled to absolute prosecutorial immunity for the acts complained of *sub judice*. *Imbler v. Pachtman*, 424 U.S. 409, 96 S.Ct. 984 (1976); *Graves v. Hampton*, 1 F.3d 315, 317-18 (5th Cir. 1993). And, as to PD Knight, absent colorable allegations of a conspiracy with traditional state actors, neither retained nor appointed counsel are considered to be acting under color of state law for purposes of §1983 liability. *Polk County v. Dodson*, 454 U.S. 312, 102 S.Ct. 445 (1981); *Russell v. Millsap*, 781 F.2d 381, 383 (5th Cir. 1985). No such allegations have been pleaded by Plaintiff here. Moreover, unless and until Plaintiff is able to have his

conviction declared invalid by a tribunal that is authorized to make such a determination, he has no §1983 cause of action. *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364 (1994). For these reasons, it will be recommended that Plaintiff's §1983 claims be dismissed with prejudice under 28 U.S.C. §1915(e)(2)(B)(i) and (ii). *Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996).

## **RECOMMENDATION**

For the foregoing reasons, it is recommended that Plaintiff's complaint, to the extent that it can be construed as a request for *habeas corpus* relief, be dismissed without prejudice for failure to exhaust available state court remedies.

It is further recommended that Plaintiff's §1983 claims be dismissed with prejudice under 28 U.S.C. §1915(e)(2)(B)(i) and (ii).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United States Auto. Assoc.*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*).

New Orleans, Louisiana, this  3rd  day of            June            , 2015.

MICHAEL B. NORTH
UNITED STATES MAGISTRATE JUDGE