# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**J.D. THOMPSON**                                       **CIVIL ACTION**

**VERSUS**                                              **NO.  15-1092**

**WARREN MONTGOMERY,**                                  **SECTION  "G"(5)**
**DISTRICT ATTORNEY, et al.**

## ORDER AND REASONS

Before the Court are Plaintiff J.D. Thompson's ("Plaintiff") objections[1] to the June 3, 2015, Report and Recommendation of the United States Magistrate Judge assigned to the case.[2] Plaintiff, a state prisoner in the Washington Parish Jail, filed a complaint pursuant to 42 U.S.C. § 1983 against District Attorney Warren Montgomery ("Montgomery"), Assistant District Attorney Jay Adair ("Adair") and Public Defender David Knight ("Knight").[3] The Magistrate Judge recommends that the Court dismiss Plaintiff's complaint without prejudice, to the extent it can be construed as a request for habeas corpus relief, and dismiss his Section 1983 claims with prejudice.[4] Plaintiff objects to the Magistrate Judge's Report and Recommendation.[5] After reviewing the complaint, the Magistrate Judge's Report and Recommendation, Plaintiff's objections, the record, and the applicable law, for the following reasons, the Court will overrule Plaintiff's objections, adopt the Magistrate Judge's Report and Recommendation, and dismiss Plaintiff's claims.

---

[1] Rec. Doc. 15

[2] Rec. Doc. 8.

[3] Rec. Doc. 6 at 1; Rec. Doc 6-1 at 1.

[4] Rec. Doc. 8.

[5] Rec. Doc. 15.

# I.  Background

## A.  Factual Background[6]

Plaintiff filed the instant complaint on May 15, 2015.[7] He alleges that on or between March 12, 2015 and March 13, 2015, Adair  questioned a 16-year-old individual without the presence of a parent, guardian, or attorney with the intent of compelling the victim to later testify falsely at Plaintiff's trial.[8] Thereafter, Plaintiff alleges that Adair did, in fact, cause the juvenile victim to testify falsely at Plaintiff's trial, despite the admission of a notarized affidavit from the victim and her mother attesting to their desire that the charges against Plaintiff be dismissed.[9] Plaintiff also asserts that the Franklinton Police Department, the Office of Child Services, and the District Attorney's Office failing to properly investigate the crimes in question, resulting in him being convicted based only on the victim's inconsistent statements.[10] Plaintiff further alleges that he was denied the effective assistance of counsel throughout the duration of his criminal proceedings.[11] Plaintiff asks that the matters of which he complains be investigated, that criminal action be taken against the prosecutors, and that he be awarded an unspecified amount of monetary damages.[12]

---

[6] The following background derives from Plaintiff's complaint, and the Court will consider allegations as true for the purposes of considering Plaintiff's objections.

[7] Rec. Doc. 6.

[8] Rec. Doc. 6-1 at 5.

[9] *Id.* at 6.

[10] *Id.*

[11] *Id.*

[12] *Id.* at 7–8.

**B. Report and Recommendation Findings**

On June 3, 2015, the Magistrate Judge recommended that Plaintiff's complaint be dismissed without prejudice, to the extent that it can be construed as a request for habeas corpus relief.[13] The Magistrate Judge noted that "[w]hen a state prisoner attacks the very fact or length of his confinement, the appropriate cause of action is a petition for writ of habeas corpus even though the facts of the complaint might otherwise be sufficient to state a claim under 42 U.S.C. §1983."[14] According to the Magistrate Judge, "Plaintiff's allegations that his conviction was obtained on the basis of false testimony and/or as a result of ineffective assistance of counsel clearly challenge the fact and duration of his confinement and must initially be pursued on habeas corpus grounds, but only after he has exhausted available state-court remedies with respect to them."[15] Because Plaintiff had not exhausted his state court remedies, the Magistrate Judge recommended that the complaint be dismissed without prejudice insofar as it could be construed as a request for habeas corpus relief.[16]

The Magistrate Judge also recommended that Plaintiff's Section 1983 claims be dismissed with prejudice.[17] He found that Montgomery and Adair are entitled to absolute prosecutorial immunity.[18] As for the claims against Knight, the Magistrate Judge noted that "absent colorable

---

[13] Rec. Doc. 8 at 2–3.

[14] *Id.* at 2 (citing *Caldwell v. Line*, 676 F.2d 494 (5th Cir. 1982); *Richardson v. Fleming*, 651 F.2d 366 (5th Cir. 1981); *Johnson v. Hardy*, 601 F.2d 172 (5th Cir. 1979)).

[15] *Id.* at 3 (citing *Hernandez v. Spencer*, 780 F.2d 504, 505 (5th Cir. 1986)).

[16] *Id.*

[17] *Id.* at 3–4.

[18] *Id.* at 3 (citing *Imbler v. Pachtman*, 424 U.S. 409 (1976); *Graves v. Hampton*, 1 F.3d 315, 317–18 (5th Cir. 1993)).

allegations of a conspiracy with traditional state actors, neither retained nor appointed counsel are considered to be acting under color of state law for purposes of § 1983 liability."[19] Because Plaintiff asserted no such claims, the Magistrate Judge recommended that the claims against Knight also be dismissed.[20] Finally, the Magistrate Judge found that Plaintiff's Section 1983 claims were barred by the *Heck* doctrine because Plaintiff's conviction has not been declared invalid by a tribunal authorized to make such a determination.[21]

### C. Plaintiff's Objections

On June 15, 2015, Plaintiff filed objections to the Report and Recommendation.[22] Plaintiff urges the Court to temporarily stay the proceedings "inregards [sic] to some omitted steps which the Court has required him to perform as incidental to the suit."[23] He also represents that he wishes to voluntarily dismiss his claims against Montgomery.[24] However, he objects to the dismissal of his claims against the other defendants.[25]

Plaintiff asserts that because of Defendants' "unconstitutional and unlawful misconduct of corrupt practices, legal injuries were sustained."[26] Plaintiff included a copy of a letter received from

---

[19] *Id.* (citing *Polk County v. Dodson*, 454 U.S. 312 (1981); *Russell v. Millsap*, 781 F.2d 381, 383 (5th Cir. 1985)).

[20] *Id.*

[21] *Id.* at 4 (citing *Heck v. Humphrey*, 512 U.S. 477 (1994); *Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996)).

[22] Rec. Doc. 15 at 1.

[23] *Id.*

[24] *Id.*

[25] *Id.*

[26] *Id.*

the Department of Social Services, which he asserts his defense attorney failed to enter into evidence at his trial.[27] He contends that this letter is sufficient evidence to prove that the investigator committed perjury.[28] Finally, Plaintiff contends that the letter shows "violations of malfeasance in office, injuring public records, and filing and maintaining false public records."[29]

Plaintiff also states that he wishes to advise the Court that he has filed a civil complaint in state court.[30] He contends that Adair allowed another employee of the district attorney's office to sit on the session with the minor "knowingly [sic] that the other person was not an [sic] guardian or parent or attorney on behalf of the minor."[31]

## II.  Standard of Review

### A.  Review of the Magistrate Judge's Report and Recommendation

When designated by a district court to do so, a United States Magistrate Judge may consider prisoner petitions challenging the conditions of confinement and recommend their disposition to the district court judge in accordance with the Magistrate Judge's findings of fact and determinations of law.[32] A district judge "may accept, reject, or modify the recommended disposition" of a magistrate judge on a dispositive matter.[33]  The district judge must "determine *de novo* any part of

---

[27] *Id.*

[28] *Id.* at 2.

[29] *Id.*

[30] *Id.*

[31] *Id.*

[32] 28 U.S.C. § 636(b)(1)(B).

[33] Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1).

the [Report and Recommendation] that has been properly objected to."[34] However, a district court's review is limited to plain error of parts of the report which are not properly objected to.[35]

### B.  Standard for Frivolousness

A district court has broad discretion in determining the frivolous nature of a prisoner's complaint.[36] A complaint is frivolous if it lacks an arguable basis in law or fact.[37] A claim has no arguable basis in law if "it is based on an indisputably meritless legal theory."[38] It lacks a basis in fact if "the facts alleged are clearly baseless."[39] If a court finds that a prisoner's claims are frivolous, the court must dismiss the claims *sua sponte*.[40]

### III.  Law and Analysis

### A.    Plaintiff's Habeas Corpus Claims

The Magistrate Judge recommended that Plaintiff's complaint be dismissed without prejudice, to the extent that it can be construed as a request for habeas corpus relief because Plaintiff had not exhausted his state court remedies.[41] In response, Plaintiff does not object to this finding;

---

[34] Fed. R. Civ. P. 72(b)(3).

[35] *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending time to file objections from ten to fourteen days).

[36] *See Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998) (citation omitted).

[37] *Id.*

[38] *Id.*

[39] *Id.*

[40] *See* 28 U.S.C. § 1915A, 42 U.S.C. § 1997e(c).

[41] Rec. Doc. 8 at 2–3.

instead, he  urges the Court to temporarily stay the proceedings to allow him to exhaust his state court remedies.[42]

In *Preiser v. Rodriguez*, the Supreme Court held that "when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus."[43]  The Fifth Circuit instructs that the "core issue in determining whether a prisoner must pursue habeas corpus relief rather than a civil rights action is . . . whether the prisoner challenges the 'fact or duration' of his confinement or merely challenges the rules, customs, and procedures affecting 'conditions' of confinement."[44]

Here, Plaintiff contends that Adair caused the juvenile victim to testify falsely at his trial. Plaintiff also asserts that Knight provided ineffective assistance of counsel. These claims relate to the fact of Plaintiff's confinement. Accordingly, the Court finds that Plaintiff's Section 1983 action is barred because these claims clearly challenge the fact of Plaintiff's physical imprisonment and must be brought in a habeas corpus petition.

The Fifth Circuit has recognized that district courts may construe a Section 1983 complaint as a habeas petition.[45] Construing Plaintiff's complaint as a petition for habeas corpus, the Court finds that Plaintiff has failed to exhaust his state court remedies. "A fundamental, perquisite to federal habeas relief under § 2254 is the exhaustion of all claims in state court prior to requested

---

[42] Rec. Doc. 15 at 1.

[43] 411 U.S. 475, 500 (1973).

[44]  *Cook v. Texas Dep't of Criminal Justice Transitional Planning Dep't*, 37 F.3d 166, 168 (5th Cir.1994) (quoting *Spina v. Aaron*, 821 F.2d 1126, 1128 (5th Cir.1987)),

[45] *Martinez v. Texas Court of Criminal Appeals*, 292 F.3d 417, 420 (5th Cir. 2002) (abrogated on other grounds).

federal collateral relief."[46]  A federal habeas petition should typically be dismissed if the petitioner has failed to exhaust all available state remedies.[47]

Federal courts are authorized to stay a habeas petition and hold it in abeyance while a petitioner exhausts claims in state court.[48] However, the United States Supreme Court has held that a stay-and-abeyance is an extraordinary remedy.[49] Thus, a stay is available only in limited circumstances.[50] A district court should stay federal habeas proceedings to allow a petitioner to exhaust state remedies only when the district court finds that: (1) the petitioner had good cause for failure to exhaust his claim; (2) the claim is not plainly meritless; and (3) the petitioner has not engaged in intentional delay.[51]

Plaintiff provides no explanation for his failure to exhaust his state court remedies.[52] His *pro se* status does not constitute good cause to excuse his failure to exhaust.[53] Accordingly, the Court finds that Plaintiff has failed to demonstrate good cause to excuse his failure to exhaust. Further, if Plaintiff files an application for post-conviction relief in state court, the time period for filing a

---

[46] *Rose v. Lundy*, 455 U.S. 509, 519-20 (1982).

[47] *Pliler v. Ford*, 524 U.S. 225, 227 (2004).

[48] *Id.*

[49] *Rhines v. Weber*, 544 U.S. 269, 277-78 (2005).

[50] *Id.* at 277.

[51] *Shillereff v. Quarterman*, 304 F. App'x 310, 314 (5th Cir. 2008)(citing *Rhines*, 544 U.S. at 277-78).

[52] Rec. Doc. 13 at 2.

[53] *Thompson v. Tanner*, Civ. A. No. 14-0924, 2014 WL 532027, at *5 (E.D.La. Oct. 17, 2014)(citing *Bonilla v. Hurley*, 370 F.3d 494, 498 (6th Cir. 2004)).

federal habeas petition would be tolled,[54] and dismissal of the petition without prejudice would not preclude federal review of Plaintiff's habeas claims, as any subsequent petition would not likely be barred by Section 2244(d)'s one-year limitations period.  Therefore, the Court finds that a stay is not warranted here. Accordingly, the Court adopts the Magistrate Judge's recommendation that Plaintiff's complaint be dismissed without prejudice, to the extent that it can be construed as a request for habeas corpus relief.

**B.**     ***Plaintiff's Section 1983 Claim***

In his objection to the Report and Recommendation, Plaintiff agreed that dismissal of his claims against Montgomery was appropriate.[55] However, Plaintiff objects to the Magistrate Judge's recommendation that Plaintiff's Section 1983 claims against Adair and Knight be dismissed with prejudice.[56] Therefore, this Court considers these issues *de novo*.

A criminal prosecutor "is absolutely immune from liability for the performance of [his] prosecutorial duties."[57] Here, Plaintiff claims that Adair caused the juvenile victim to testify falsely at his trial. This claim clearly relates to the performance of Adair's prosecutorial duties. Accordingly, on *de novo* review, the Court finds that Plaintiff's claims against Adair must be dismissed with prejudice as frivolous and for failure to state a claim upon which relief can be granted.

---

[54] The AEDPA expressly provides statutory tolling for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."  28 U.S.C. § 2244(d)(2).

[55] Rec. Doc. 15 at 1.

[56] *Id.*

[57] *Mackey v. Helfrich*, 442 F. App'x 948 (5th Cir. 2011) (citing *Imbler v. Pachtman*, 424 U.S. 409, 427–31 (1976)).

As to Plaintiff's claim against Knight, in *Polk County v. Dodson*, the Supreme Court held that a public defender does not act under the color of state law in its role as an advocate.[58] Plaintiff claims that Knight denied him effective assistance of counsel throughout his criminal proceedings. This claim clearly relates to Knights role as an advocate in Plaintiff's criminal trial. Accordingly, on *de novo* review, the Court finds that Plaintiff's claims against Knight must be dismissed with prejudice as frivolous and for failure to state a claim upon which relief can be granted.

Moreover, Plaintiff's claims are barred by the *Heck* doctrine. In *Heck v. Humphrey*, the Supreme Court held:

> In order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus . . . .[59]

Accordingly, "a claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983."[60]

In *Clarke v. Stalder*, the Fifth Circuit held that "*Heck* applies to [] claims for declaratory and injunctive relief as well as damages under § 1983."[61] In *Johnson v. McElveen*, the Fifth Circuit stated the procedure for dismissal of a Section 1983 claim under *Heck*; a plaintiff's "claims are dismissed with prejudice to their being asserted again until the *Heck* conditions are met."[62]

---

[58] 454 U.S. 312, 318–19 (1981),

[59] *Heck v. Humphrey*, 512 U.S. 477, 487 (1994).

[60] *Id.*

[61] *Lavergne v. Clause* 591 Fed.Appx. 272 (5th Cir. 2015) (citing *Clarke v. Stalder*, 154 F.3d 186, 190-91 (5th Cir. 1998) (en blanc)).

[62] 101 F.3d 423, 424 (5th Cir. 1996).

A ruling in this case regarding the alleged prosecutorial misconduct and ineffective assistance of counsel would impact the validity of Plaintiff's conviction. His claims, therefore, fall within the *Heck* bar. Accordingly, on *de novo* review, the court will dismiss Plaintiff's Section 1983 claims with prejudice to their being asserted again until the *Heck* conditions are met.[63]

### IV. Conclusion

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Plaintiff's objections are **OVERRULED;**

**IT IS FURTHER ORDERED** that the Court **ADOPTS** the Magistrate Judge's Report and Recommendation;

**IT IS FURTHER ORDERED** that Plaintiff's complaint, to the extent that it can be construed as a request for habeas corpus relief, is **DISMISSED WITHOUT PREJUDICE;**

**IT IS FURTHER ORDERED** that Plaintiff's Section 1983 claims are **DISMISSED WITH PREJUDICE**.

**NEW ORLEANS, LOUISIANA,** this  26th  day of October, 2015.

*Nannette Jolivette Brown*

**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

---

[63] *See Johnson*, 101 F.3d at 424 ("Plaintiff's claims are dismissed with prejudice to their being asserted again until the *Heck* conditions are met.").

11